STEVEN G. KALAR
Federal Public Defender
ELLEN V. LEONIDA
Assistant Federal Public Defender
450 Golden Gate Avenue, 19th floor
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: ellen_leonida@fd.org
Counsel for Defendant, ERIC JIMENEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18-290 WHA |
| PLAINTIFF, | DEFENDANT'S SENTENCING MEMORANDUM |
| V. | |
| ERIC JIMENEZ, | HONORABLE WILLIAM ALSUP |
| | DATE: OCT. 22, 2019 |
| DEFENDANT. | TIME: 2:00 P.M. |

1. **INTRODUCTION**

Eric Jimenez has pled guilty to six counts of the indictment, accepting responsibility for multiple narcotic and firearm offenses. Mr. Jimenez has entered into a plea agreement with the government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). That agreement calls for a sentence of 188 months, five years of supervised release, $600 in special assessments, and forfeiture. Mr. Jimenez joins the government and probation in requesting that the Court impose the agreed-upon sentence. All parties, as well as probation, agree that a sentence of 188 months in prison will be sufficient, but not greater than necessary, to satisfy the statutory goals of sentencing in this case.

///

///

## 2.  BACKGROUND

Eric Jimenez grew up in Redwood City with his mother, step-father, and siblings. He started smoking marijuana at an early age and eventually dropped out of high school because of his substance abuse issues. In 2003, Mr. Jiminez was sentenced to four years in state prison for vehicular manslaughter while intoxicated. This is his only prior criminal conviction. He served approximately two years and four months of that sentence. PSR ¶¶ 53, 60-62, 69-71.

When he left prison, Mr. Jiminez began using cocaine and methamphetamine, then selling it. He used drugs on a daily basis until he was arrested for this case. Since he has been on pretrial supervision, however, Mr. Jimenez has taken advantage of the services offered to him by pre-trial services and has maintained sobriety. During his ten months of pretrial supervision, Mr. Jiminez obtained employment, refrained from using drugs, and complied with all of the conditions of his release. His family and significant other are very supportive of him and have attended all of his court hearings. PSR ¶ 4, 69, 75, 101.

## 3.  DISCUSSION

The proposed sentence of 188 months' imprisonment is reasonable.  In determining an appropriate sentence, the court must look to the factors set forth in 18 U.S.C. § 3553, among them the applicable Sentencing Guideline calculation.  *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *United States v. Autery*, 555 F.3d 864, 872 (9th Cir. 2009); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  While the Court must remain mindful of the Sentencing Guideline recommendation, that is only one of the applicable factors; the Guideline range is not presumptively reasonable and it cannot be given any more or less weight than any other factor listed in section 3553(a).  *Autery*, 555 F.3d at 872; *Carty*, 520 F.3d at 988, 991.  The Court's paramount concern must be to impose a sentence "sufficient, but not greater than necessary" to "reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." *Carty*, 520 F.3d at 991.  In this case, a sentence of 188 months' imprisonment is more than sufficient to achieve the goals of sentencing.

CR 18-290 WHA
DEFENDANT'S SENTENCING MEMORANDUM

1    Mr. Jimenez has only sustained one prior criminal conviction. Despte his struggles with

2    drug and alcohol addiction, he has been able to maintain long periods of employment. He has the

3    support of a very close family, who are prepared to assist him with reintegrating into society after

4    the lengthy sentence he faces. A consideration of Mr. Jimenez's "history and characteristics" thus

5    supports the requested sentence. *See* 18 U.S.C. § 3553(a)(1). The nature and circumstances of the

6    offense would also be adequately accounted for by a sentence of 188 months. *See id.* Mr. Jimenez

7    accepted responsibility for his conduct and has complied with all of the conditions of his pre-trial

8    release, including testing clean and attending drug counseling.

9    A sentence of 188 months would also address the concerns articulated in 18 U.S.C. §

10    3553(a)(2)(A), which requires the Court to consider the need for the sentence imposed "to reflect

11    the seriousness of the offense, to promote respect for the law, and to provide just punishment for

12    the offense," as well as to "afford adequate deterrence to criminal conduct" and "protect the

13    public from further crimes of the defendant." The proposed 15 year sentence is more than three

14    times longer than Mr. Jimenez's longest (and only) prior sentence of four years. Moreover, his

15    performance on pre-trial supervision, especially addressing the addiction issues that led to his

16    involvement in drug dealing, also serves to mitigate his conduct. A defendant's post-offense

17    efforts at rehabilitation may bear on the Court's determination, pursuant to 18 U.S.C. §

18    3553(a)(2)(B) and (C), as evidence that incarceration is not necessary to deter his future criminal

19    conduct or to protect the public from him.  *See Pepper v. United States*, 562 U.S. 476, 491 (2011);

20    *Gall v. United States*, 552 U.S. 38, 59 (2007).

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

CR 18-290 WHA
Defendant's Sentencing Memorandum

3

4. CONCLUSION

For the foregoing reasons, Mr. Jimenez joins the government and probation in requesting that the Court impose the agreed-upon sentence of 188 months in custody, to be followed by five years of supervised release.

Dated: October 15, 2019                                    Respectfully submitted,

                                                           STEVEN G. KALAR
                                                           Federal Public Defender


                                                           _____/S/_____
                                                           ELLEN V. LEONIDA
                                                           Assistant Federal Public Defender